# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Timothy Markham,

    Plaintiff                                  Case No. C-1-03-785

    vs

Jeffrey M. Brandt,                     **REPORT AND**
                                                      **RECOMMENDATION**
    Defendant                          (Weber, J.; Hogan, M.J.)

      Plaintiff is an inmate at the Muskegon Correctional Facility in Muskegon, Michigan. He brings this diversity action pro se against defendant Jeffrey M. Brandt, a Cincinnati, Ohio resident, alleging a claim for legal malpractice. (Doc. 1). This matter is before the Court on defendant's motion to dismiss (Doc. 16), plaintiff's memorandum in opposition (Doc. 19), and defendant's reply memorandum. (Doc. 20). Because matters outside the pleadings have been considered, defendant's motion shall be construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b).

      A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Under Rule 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323. The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford &*

*Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

Defendant Brandt is an attorney licensed to practice law in the State of Ohio. On April 13, 2000, defendant was appointed by the Sixth Circuit Court of Appeals to represent plaintiff in *Markham v. Smith*, Case No. 98-2000 (6th Cir.), an appeal of a denial of a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 1, App. B). In support of his motion for appointment of counsel, plaintiff argued that counsel was needed to investigate "fact intensive claim[s] based on matters outside the record, i.e., claims of ineffective assistance of counsel [and] prosecutorial suppression of evidence," among other reasons. (Doc. 1, App. A). Defendant Brandt filed an appellate brief on plaintiff's behalf on July 28, 2000. Plaintiff alleges that such brief "was prepared and filed by defendant without conducting the investigations into claims of ineffective assistance of trial counsel and claims of suppressed exculpatory evidence he was required to do pursuant to the order appointing him and without plaintiff's knowledge or consent." (Doc. 1, ¶9).[1] On May 8, 2001, the Court of Appeals denied plaintiff's habeas petition. *See Markham v. Smith*, 10 Fed. Appx. 323, 2001 W.L. 523581 (6th Cir. May 8, 2001). Thereafter, plaintiff states he contacted his original trial attorney on December 6, 2002, and discovered that defendant Brandt had never contacted trial counsel for purposes of investigating plaintiff's ineffective assistance of counsel and suppressed exculpatory evidence claims. (Doc. 1, attachment). On November 12, 2003, plaintiff filed the instant malpractice action in this Court. Defendant seeks dismissal of the complaint, arguing that plaintiff's malpractice claim is barred by the statute of limitations and fails to state a claim for relief.

Under Ohio Revised Code § 2305.11, a legal malpractice claim must be brought within one year from the time the cause of action accrues. This occurs at the later of the following two events: (1) the termination of the attorney-client relationship or (2) the occurrence of a cognizable event where "the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against

---

[1] The Sixth Circuit's Order states, in relevant part, "Upon review of the petitioner's motion, counsel is hereby appointed to represent the petitioner on appeal, and the clerk is directed to enter a new briefing schedule."(Doc. 1, App. B). Contrary to plaintiff's representations, the Order appointing counsel did not mandate any particular duties on the part of appointed counsel.

2

the attorney." *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398, 401 (1989).

     Plaintiff contends he did not discover defendant Brandt's failure to investigate the ineffective assistance of counsel and suppression of exculpatory evidence claims until December 6, 2002, when he received a letter from his former state court trial counsel informing plaintiff that no one ever contacted him about plaintiff's case. Plaintiff also argues that defendant Brandt "switched" his claim of suppressed exculpatory evidence into a claim for ineffective assistance of counsel which misled plaintiff into believing Brandt conducted some type of investigation into the facts when in reality he did not. Plaintiff alleges his motion for appointment of counsel explained his need for counsel to conduct a factual investigation into the claims of ineffective assistance of counsel and suppressed exculpatory evidence. He states these two claims were raised before the state and federal district courts and were based "on facts outside the record that required the courts below to hold evidentiary hearings but they did not." (Doc. 19 at 5). Plaintiff states that on appeal to the Sixth Circuit, he claimed the district court erred by not holding an evidentiary hearing. Plaintiff argues that once Brandt was appointed counsel by the Court of Appeals, he expected Brandt to "investigate and develop evidence that could have been developed at an evidentiary hearing, as an offer of proof to the Sixth Circuit to show how he had been harmed by the district court's failure to grant the hearing." (Doc. 19, memorandum at 5). Plaintiff contends that "any proffered evidence that could have been developed [by Brandt] could have been made part of the record under Federal Rule of Appellate Procedure 10 and the equitable power of the court." (Doc. 19, memorandum 5-6).

     The Court finds plaintiff's complaint is barred by the statute of limitations. Plaintiff should have discovered the alleged malpractice at least as of the date his habeas appeal was denied by the Sixth Circuit Court of Appeals on May 8, 2001. The gist of his malpractice claim is Brandt's alleged failure to adequately investigate his ineffective assistance of counsel and suppression of exculpatory evidence claims so that a proffer of evidence could have been made to the Sixth Circuit showing how the district court erred in denying him an evidentiary hearing. A review of the Sixth Circuit's decision should have alerted plaintiff to the fact that no issue based on the district court's failure to hold an evidentiary hearing was pursued by counsel. A petitioner must meet the "stringent requirements" of section 2254(e)(2) of the Antiterrorism and Effective Death Penalty Act of 1996 to show

he is entitled to an evidentiary hearing.[2] *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). There is absolutely no discussion of these requirements, the case law interpreting such requirements, or the fact that the district court denied a request for an evidentiary hearing in the Court of Appeals' decision. *See Markham v. Smith*, 10 Fed. Appx. 323, 2001 W.L. 523581 (6th Cir. May 8, 2001). Nothing in Brandt's appellate brief addresses the district court's denial of an evidentiary hearing. (Doc. 19, memorandum at 9). The absence of any mention of such a claim would put a reasonable person on notice of his attorney's failure to raise this claim. Thus, as of May 8, 2001, plaintiff should have discovered his "injury" was related to Brandt's alleged malpractice.

To the extent plaintiff argues Brandt "switched" the claim of suppressed exculpatory evidence into a claim for ineffective assistance of counsel which misled plaintiff into believing Brandt conducted some type of investigation, the Court of Appeals' decision explicitly rejects plaintiff's Sixth Amendment ineffective assistance of counsel claim, putting plaintiff on notice of his injury as of the date of the Court's decision. Therefore, even assuming defendant's failure to conduct an investigation of facts outside the record was the proximate cause of plaintiff's injury, plaintiff's cause of action accrued, at the latest, on May 8, 2001, when the Court of Appeals rendered its decision. Because plaintiff filed his complaint more than one year after his cause of action accrued, his malpractice claim against defendant is barred by the statute of limitations.

In any event, it is clear that defendant Brandt had no duty to investigate facts outside of the record for purposes of plaintiff's habeas appeal to the Sixth Circuit.

---

[2] Section 2254(e)(2) provides:
(e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
(A) the claim relies on--
(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The record on appeal consists of "the original papers and exhibits filed in the district court, the transcript of the proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." Fed. R. App. P. 10(a). Contrary to plaintiff's argument, the appellate rules do not permit supplementation of the record to include new facts discovered on appeal. Appellate Rule 10(e) permit supplementation of the record on appeal under two instances: (1) when the parties dispute whether the record actually discloses what occurred in the District Court; and (2) when a material matter is omitted by error or accident. *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003)(remand required where record before District Court omitted transcript of closing arguments from trial and petitioner's claim that right to confrontation was violated by prosecutor's heavy reliance on hearsay testimony at closing argument required review of entire record). The rule may not be used to add new evidence that substantially alters the record after the notice of appeal has been filed. Rather, the rule permits an amendment to ensure the accuracy of the record. *United States v. Barrow*, 118 F.3d 482, 487-88 (6th Cir. 1997). "[T]he purpose of amendment under [Rule 10(e)(2)] is to ensure that the appellate record accurately reflects the record before the District Court, *not* to provide this Court with new evidence not before the District Court, even if the new evidence is substantial." *Adams*, 330 F.3d at 406 (emphasis in the original). Thus, plaintiff would not be permitted to supplement the appellate record because by his own admission such supplementation is not aimed at correcting some misstatement or omission in the district court's record, but rather is aimed at adding newly discovered evidence that was never considered by the district court. Such a supplementation is prohibited by the appellate rules. Consequently, plaintiff's complaint alleges a duty on the part of Brandt that does not exist and therefore fails to state a claim upon which relief may be granted.

For the foregoing reasons, defendants' motion should be granted.

### IT IS THEREFORE RECOMMENDED:

1. Defendant's motion to dismiss which is construed as a motion for summary judgment be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing

reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/1/2004              s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).