UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY MARKHAM,

                Plaintiff,

      v.

                                      C-1-03-785

JEFFREY M. BRANDT,

                Defendant.

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 21), defendant's memorandum in support of the Report and Recommendation (doc. no. 23), plaintiff's objections to the Report and Recommendation (doc. no. 24), and plaintiff's supplemental memorandum (doc. no. 27). Upon a *de novo* review of the record, and for the reasons set forth below, the Court determines that plaintiff's objections are not well-taken and adopts the Report and Recommendation.

## I. Procedural history

Plaintiff, a prisoner incarcerated in Michigan, filed the complaint in this matter for legal malpractice against defendant Jeffrey Brandt, an attorney practicing in Ohio who had represented plaintiff on appeal from denial of plaintiff's habeas petition in the case of *Markham v. Smith,* 98-2200 (doc. 1). The complaint was filed with this court on November 12, 2003. Plaintiff claims that defendant

2

owed him a duty to handle the appeal in accordance with the order appointing defendant as counsel in the case and a duty to investigate "matters outside the record; i.e. claims of ineffective assistance of counsel [and] prosecutorial suppression of evidence" as he had requested in the motion to appoint counsel. Plaintiff claims that defendant breached his duty to plaintiff by filing a final appellate brief on July 28, 2000, without conducting an investigation into claims of ineffective assistance of trial counsel and claims of suppressed exculpatory evidence as he was required to do pursuant to the order appointing him to represent plaintiff.  Plaintiff claims that after he had exhausted his appellate remedies, he contacted his original trial attorney, Marvin Blake, to find out whether defendant had ever contacted trial counsel.  Plaintiff alleges that he was informed on December 6, 2002, that trial counsel had never been contacted by any attorney regarding plaintiff's case, and that defendant therefore had not conducted any investigation into plaintiff's claims of ineffective assistance of counsel and suppression of exculpatory evidence as required under the order appointing counsel.  Plaintiff claims that as a direct result of defendant's breach of duty and professional negligence, he has sustained damages, which include a continued sentence of life imprisonment without parole, emotional distress, "loss of an appeal," loss of liberty, loss of wages, and continued loss of reputation.

3

Defendant moved to dismiss this case on the grounds that (1) the legal malpractice claim is barred by the one-year statute of limitations, and (2) plaintiff failed to state a claim for legal malpractice because counsel had no duty to investigate facts outside the record on appeal to the Sixth Circuit since the issues to be appealed were based upon information that was in the state court record and had been presented to the district court (doc. 16).

In his response to defendant's motion, plaintiff stated that because it was not clear what provision or authority defendant was proceeding under, plaintiff was submitting his response pursuant to the rule governing summary judgment motions, Fed. R. Civ. P. 56 (doc. 19).  Plaintiff attached several documents to his response, including the motion for appointment of counsel; the order granting the motion; the summary of the issues plaintiff raised in his pro se appellate brief; the portion of the appellate brief prepared by defendant on plaintiff's behalf that sets forth the issues presented for review; a November 1, 2000 letter from defendant to plaintiff explaining in some detail what had occurred at oral argument, inviting plaintiff to write defendant if plaintiff had any specific questions about the argument, and informing plaintiff that defendant would contact him with a copy of the Sixth Circuit's opinion once it was released; and a letter from defendant to the Clerk of the Sixth Circuit submitting additional authority in support of the appeal at plaintiff's request.

4

The Magistrate Judge construed the motion to dismiss as a motion for summary judgment, concluded that plaintiff's complaint is barred by the statute of limitations, and made an additional determination that plaintiff had failed to state a claim upon which relief may be granted.  The Magistrate Judge therefore recommended that defendant's motion be granted and the case be dismissed.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the ground that his findings are contrary to law.  Plaintiff contends that the Magistrate Judge erred by failing to notify plaintiff that he was converting defendant's Rule 12(b)(6) motion to a motion for summary judgment.  Plaintiff alleges that had he been notified, he would have submitted an affidavit, which he has attached to his objections as Exhibit B, in which he explains how and when he purportedly discovered his malpractice claim against defendant for statute of limitations purposes.  Plaintiff further alleges that he would have submitted an affidavit attached as Exhibit C, which he contends describes the evidence that he is allegedly unable to present until his complaint of attorney misconduct filed in the Sixth Circuit is resolved.   Plaintiff contends that the Magistrate Judge was wrong in deciding the factual issue of when plaintiff discovered or should have discovered defendant's malpractice.  Plaintiff alleges that the Magistrate Judge could not find as a matter of law that plaintiff discovered or should have discovered the malpractice before receiving Mr. Blake's December 3, 2002 letter,

in which Mr. Blake states that he had never been contacted by anyone regarding plaintiff's case.

Plaintiff further alleges that the Magistrate Judge erred in finding that defendant did not have a duty to investigate facts outside the record for the purposes of plaintiff's appeal.  Plaintiff argues that the Magistrate Judge ignored Fed. R. App. P. 10(e)(3), which authorizes the appellate court to allow corrections to, or modification of, the record on appeal under certain circumstances.

In response, defendant claims that the information plaintiff learned from Mr. Blake's December 2002 letter has no factual relevance to any of plaintiff's claims. Defendant contends that plaintiff knew all of the facts to support his claims in early June 2000 when he received a copy of the opening brief filed on his behalf in the Sixth Circuit.  Defendant avers that the brief did not present exculpatory evidence in support of the appeal, it did not mention the proffer of any evidence to show that the district court had erred in denying plaintiff an evidentiary hearing, it showed that defendant was making a claim of ineffective assistance of counsel, and it did not request that the Sixth Circuit hold an evidentiary hearing.  Defendant contends that plaintiff knew the facts necessary to bring an action for legal malpractice at the latest by May 8, 2001, when the Sixth Circuit denied his appeal without holding an evidentiary hearing. *See Markham v. Smith,* 10 Fed. Appx. 332, 2001 WL 523581 (6th Cir. 2001).

Defendant further alleges that the letter was of no legal consequence because he had no duty to speak to the attorney who handled plaintiff's criminal matter in state court. Defendant alleges that any information within the knowledge of the trial attorney could only be introduced in a state post-conviction proceeding or to the district court in connection with the filing of plaintiff's habeas petition and could not be raised for the first time on appeal of the denial of the petition.

Finally, defendant argues that he had no duty to obtain evidence outside of the record in connection with the appeal of the denial of plaintiff's habeas petition. Defendant asserts that Rule 10(e) is not helpful to plaintiff in this regard because the rule cannot be used to add evidence that was never introduced in the district court, but instead the purpose of the rule is to ensure that the record before the appellate court accurately reflects the record that was before the district court.

## II. Conversion of the motion to dismiss to a motion for summary judgment

Fed. R. Civ. P. 12(b) provides, in pertinent part,

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The Magistrate Judge did not notify plaintiff before issuing the Report and Recommendation that he was construing the motion to dismiss as a motion for

summary judgment.  Nonetheless, this is not a valid basis for rejecting the Report and Recommendation.  First, plaintiff himself construed the motion to dismiss as a Rule 56 motion and submitted material in opposition to the motion with his response.  Second, plaintiff has now had an opportunity to present materials that are pertinent to the motion, and he has attached to his objections affidavits that he maintains he would have submitted in support of his case if he had been given the opportunity to do so.  The court will accept those affidavits as part of the record and consider them in determining whether the Magistrate Judge erred in concluding that plaintiff's legal malpractice claim is barred by the statute of limitations.

### III. The legal malpractice claim is barred by the statute of limitations

Ohio Rev. Code § 2305.11(A) requires that an action for legal malpractice be brought within one year after the cause of action accrued.  The cause of action accrues and the statute of limitations begins to run "when there is a cognizable event whereby the claimant discovers or should have discovered that his injury was related to his attorney's act or non–act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney–client relationship for that particular transaction or undertaking terminates, whichever occurs later."  *Zimmie v. Calfee, Halter and Griswold,* 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989).  In determining when the "cognizable event" occurred, it is necessary to explore the facts of the case and ascertain "when the injured party

became aware, or should have become aware, of the extent and seriousness of [his] alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered [him]; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury." *F.D.I.C. v. Alexander,* 78 F.3d 1103, 1107 (6th Cir. 1996) (citing *Omni–Food & Fashion, Inc. v. Smith,* 38 Ohio St.3d 385, 528 N.E.2d 941, 944–45 (1988)).   "A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Rather, the 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to [his] claim in order to pursue [his] remedies." *Id.* at 1108  (citing *Flowers v. Walker*, 63 Ohio St.3d 546, 589 N.E.2d 1284, 1287–88 (1992)).

Plaintiff states in his affidavit attached as Exhibit B to his objections that defendant was appointed to represent plaintiff in connection with the appeal of his habeas petition; the appointment was the result of the Sixth Circuit's grant of plaintiff's motion for appointment of counsel; in the motion, plaintiff requested counsel for the specific purpose of investigating claims of ineffective assistance of counsel and suppressed evidence; plaintiff represented that he wanted to gather any evidence that might support those claims and that was not part of the record and present the newly–discovered evidence to the Sixth Circuit; the appellate court

granted plaintiff's motion based on the court's review of the motion; at no time did defendant ever inform plaintiff that he would not conduct an investigation into matters outside the record; based on their communications, plaintiff believed defendant would investigate the issues of ineffective assistance of counsel and suppressed evidence; plaintiff believed that the brief defendant had prepared and submitted to the Sixth Circuit was based on his investigation; following the denial of habeas relief and while researching his case in connection with possible post-conviction proceedings, plaintiff contacted his trial attorney, Mr. Blake, and asked in a letter if defendant had contacted him about plaintiff's case and, if so, what their discussion was about; in a letter dated December 3, 2002, Mr. Blake informed plaintiff that no attorney had ever contacted him about plaintiff's case; plaintiff therefore began an investigation into defendant's failure to conduct investigations; plaintiff's investigation disclosed that defendant should have conducted investigations and that plaintiff might have a cause of action for legal malpractice; and plaintiff mailed his complaint for legal malpractice to this district court on October 23, 2003.   Plaintiff has submitted a second affidavit, Exhibit C, stating that as a result of the letter he received from Mr. Blake, he filed a complaint of attorney misconduct in the Sixth Circuit in March of 2003, but he is not able to reveal any details about that complaint.

10

It is clear from a review of the record in this action that plaintiff's complaint is time-barred. Because there is no indication in the record that defendant took any action on plaintiff's behalf following issuance of the Sixth Circuit's decision on May 8, 2001, the attorney-client relationship terminated no later than that date. Also, plaintiff discovered or should have discovered defendant's alleged omissions and the need to pursue his possible remedies against defendant by this date. Plaintiff does not dispute that prior to issuance of the Sixth Circuit's decision, he had received a copy of the appellate brief prepared by defendant and filed with the Sixth Circuit on July 28, 2000. The brief put plaintiff on notice that counsel had not raised on appeal the issue of suppression of exculpatory evidence and that the only ineffective assistance of counsel claim raised was based on counsel's failure to object to the prosecution's mischaracterization of evidence against plaintiff. Upon review of the brief, a reasonable person would have been aware of the need for further inquiry into the facts concerning counsel's alleged omissions, and plaintiff at that point could have questioned counsel as to what, if any, investigation counsel had undertaken. In fact, in a November 1, 2000 letter that defendant wrote to plaintiff following oral argument in the Sixth Circuit, defendant invited plaintiff to contact him if plaintiff had further questions.

11

The Court of Appeals' decision likewise would have put plaintiff on notice of the need to inquire into the facts regarding counsel's representation of him since the decision clearly sets forth the claims raised and makes no mention of a request to present additional evidence.  Rather than promptly looking into counsel's failure to raise claims plaintiff believed he should have pursued and to investigate such claims, plaintiff did not make any inquiries regarding a possible legal malpractice claim until he wrote to Mr. Blake in late 2002.  Plaintiff has offered no valid justification for waiting until well over a year after the appellate decision had been issued to investigate possible omissions by his attorney. Plaintiff's statement in his affidavit that it was only after he had failed to obtain the relief sought in his habeas petition that he "began researching [his] case for information and evidence that might be used in other post–conviction proceedings available to [him]" does not explain or excuse the delay.  Because plaintiff did not file his complaint within one year of the date on which the attorney–client relationship terminated, by which time plaintiff had discovered or should have discovered the alleged malpractice by his attorney, plaintiff's legal malpractice claim is barred by the statute of limitations.

12

## IV. The legal malpractice claim is without merit

Assuming plaintiff's legal malpractice claim is not time-barred, the Magistrate Judge correctly determined that this action must be dismissed because the claim fails on the merits. A plaintiff must show three elements to establish a cause of action for legal malpractice based on negligent representation: "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164, syll. (1997). The record does not support a finding that any of the elements of a legal malpractice claim are satisfied in this case.

First, plaintiff's argument that counsel could have added to the record on appeal pursuant to Fed. R. App. P. 10(e) is not well-taken. "Rule 10(e) allows amendment of the record on appeal only under two circumstances: '(1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2) when a material matter is omitted by error or accident.'" *Adams v. Holland,* 330 F.3d 398, 406 (6th Cir. 2003) (citing *U.S. v. Barrow,* 118 F.3d 482, 487 (6th Cir. 1997)). The purpose of an amendment under the rule is to ensure that the appellate record accurately reflects the record before the district court, not to provide the appellate court with new evidence not before the district court. *Id.* (citing *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636, 641 (6th

13

Cir.1982)). Plaintiff has not alleged circumstances that would permit amendment of the record on appeal under Rule 10(e).

Second, plaintiff has not presented any evidence or made any allegations that support the conclusion that his attorney owed a duty to investigate the specific claims of suppression of exculpatory evidence and ineffective assistance of counsel that plaintiff wanted counsel to pursue. Plaintiff's argument that his motion to appoint counsel imposed such a duty on defendant is baseless. The order granting the motion did not specify that counsel was to pursue any particular claims, and the granting of the motion imposed no contractual duty on defendant to pursue specific claims as plaintiff argues. Even assuming defendant had a duty to investigate particular claims, defendant's failure to contact plaintiff's trial counsel is not sufficient, standing alone, to establish a breach of any such duty and to show that defendant failed to conform to the standard required by law. Finally, plaintiff has made no factual allegations which, if accepted as true, show a causal connection between counsel's failure to investigate the specific claims plaintiff wanted him to pursue and the outcome of plaintiff's appeal. Accordingly, plaintiff's legal malpractice claim must fail.

14

## V. Conclusion

For these reasons, the Court hereby **ADOPTS AND INCORPORATES HEREIN BY REFERENCE** the Report and Recommendation of the United States Magistrate Judge (doc. no. 21). Defendant's motion to dismiss (doc. no. 16), which has been construed as a motion for summary judgment, is **GRANTED**. This case is **DISMISSED** and **TERMINATED** on the docket of this Court.

For all of the above reasons, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


S/ Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court


J:\HJWA\03-785rrPUB.wpd